Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue
Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com



*Attorney for Plaintiff Sylvia Greer*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**SYLVIA GREER**

Plaintiff,

v.

**TRS RECOVERY SERVICES, INC.**
**and**
**TELECHECK SERVICES INC.**

Defendants.

**CV12- 07414** PSG (VBKx)

Civil Action No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT - CLASS ACTION

### I.  Preliminary Statement

1.    This is a consumer class action brought on behalf of a state-wide class of consumers subjected to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

1

## II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. §1692k and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. Parties

4. Plaintiff Sylvia Greer is an adult individual who resides 5400 Ridgecrest Court, Bakersfield, CA 93313.

5. Defendant TRS Recovery Services, Inc. ("TRS") is a business entity regularly engaged in the business of collecting debts in this District with its principal place of business located at 6200 South Quebec Street, Greenwood Village, CO, 80111-4729.

6. Defendant TeleCheck Services, Inc. ("TeleCheck") is a business entity regularly engaged in the business of collecting debts in this District with its principal place of business located at 6200 South Quebec Street, Greenwood Village, CO, 80111-4729.

7. The principal purpose of Defendants is the collection of consumer debts using the mails and telephone, and Defendants regularly attempt to collect alleged debts originally due to another.

## IV. Factual Allegations

8. Defendants work in concert with each other in connection with the collection of alleged debts originally due to another and correspond with consumers, including Plaintiff, with letterhead that, on occasion, identifies the sender of the correspondence as both TeleCheck and TRS in the same communication.

9. Moreover, TeleCheck uses its custom TeleCheck-marked envelopes and return address to mail dunning letters and other correspondence for TRS.

10. TeleCheck contracts with several national merchants such as Wal-Mart to process checks.

2

11. When a consumer presents a check for payment at a merchant location, the check is scanned through a cash register and data about that check-writer is electronically communicated by the merchant to TeleCheck.

12. Instantaneously, TeleCheck advises the merchant whether it should accept or reject the check.

13. This decision is based upon several risk factors, including the check-writer's history (as reflected in TeleCheck's own consumer reporting database), the time of day, the nature of the transaction, and other factors.

14. Notably, the decision to accept or reject a check is not made upon whether the check-writer actually has money in his or her checking account to cover the check at issue.

15. When TeleCheck advises a merchant to accept a check, it offers one of two protections to that merchant -- either (a) a guarantee that if the check is dishonored TeleCheck will purchase that check; or, (b) an offer of debt collection services for a fee, in order to collect the debt for the allegedly dishonored check from the check-writer.

16. Sometimes, as in the case of Plaintiff, checks are considered dishonored by TeleCheck even though there were sufficient funds in the check-writer's bank account or even though the check at issue actually cleared and the merchant was actually paid.

17. Defendants are aware of several shortcomings in their process, which is automated, that can lead to such mistakes.

18. Defendants have 19 shared employees who receive and process hundreds of consumer disputes concerning the supposed debts.

19. Even though, within the statute of limitation period, Plaintiff had sufficient funds in the checking account from which the check was drawn to cover a check that she wrote to a merchant for household goods, TeleCheck erroneously determined that

1 | Plaintiff's check had bounced.

2 |     20. Defendants then began a standardized process of collection activities
3 | against Plaintiff for the allegedly bounced check.

4 |     21. Defendant first communication with Plaintiff was in the form of a
5 | standardized collection letter, which Defendants call the "RECR3" letter.

6 |     22. The RECR3 letter is Defendants' first communication to a consumer such
7 | as Plaintiff in connection with the collection of any debt such as the one allegedly
8 | owed by Plaintiff.

9 |     23. The RECR3 letter, in standardized and uniform language, provides that:

10 |     (a)    TeleCheck had "purchased" the alleged merchant check and debt
11 | and "turned that debt over" to its "affiliate" TRS for collection;

12 |     (b)    TRS has already resubmitted the check for payment;

13 |     (c)    "TRS Recovery Services will [further] create a paper draft and
14 | submit it to your bank" in order to help itself to "the outstanding amount";

15 |     (d)    "the outstanding amount" is characterized in the same letter as "the
16 | return check fee plus any applicable state tax;"

17 |     (e)    The return check fee is listed as "$25.00," a uniform fee that
18 | Defendants charge in California; and,

19 |     (f)    the "applicable state tax" is never identified or itemized.

20 |     24. TRS has no contract with Plaintiff, had never been identified to Plaintiff,
21 | and has no legal right or authority to create any draft in Plaintiff's name.

22 |     25. Plaintiff owed no debt to the merchant, because Plaintiff's check had not
23 | bounced.

24 |     26. Nevertheless, Defendants admit that they nevertheless collected the
25 | underlying check amount from Plaintiff a second time on or about the date they mailed
26 | the initial RECR3 letter to Plaintiff.

27 |     27. Further, the RECR3 letter fails to clearly identify the entire "debt," and is

4

deceptive concerning the total "outstanding amount," and whether it includes any applicable state tax in this State.

28. Pursuant to their usual and customary procedures, Defendant created a draft in Plaintiff's name approximately 14 days after they sent Plaintiff the RECR3 letter and presented it to Plaintiff's bank in an effort to collect this purported additional "outstanding amount."

29. Defendants' actions as described above are consistent with their standard policies and practices for collecting alleged consumer "debts" associated with allegedly bounced checks, and for helping themselves to additional unauthorized and unlawful "fees" in the amount of $25.00.

30. Defendants have received numerous disputes concerning the above-described and unlawful practices, but have failed to take corrective action.

31. At all times pertinent hereto, Defendants were acting in concert with each other and by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

32. The acts alleged against the Defendants were authorized, ordered, or done by their officers, agents, employees, or representatives, while actively engaged in the management and operation of Defendants' businesses.

33. Each Defendant acted as the principal, agent, or joint venturer of, or for, other Defendants with respect to the acts, violations, and common course of conduct alleged herein.

## V.  **Class Allegations**

34. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) of the Federal Rules of Civil Procedure, on behalf of the following Class: All natural persons residing in the State of California to whom Defendants mailed to a California address any letter substantially similar in form and language to the RECR3

letter described in this Complaint within the applicable statute of limitations.

35. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff avers upon information and belief that the number is the hundreds if not thousands.

36. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question is whether the Defendants' RECR3 letter violated the FDCPA.

37. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

38. Plaintiff will fairly and adequately protect the interests of the Class. Representative Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Representative Plaintiff nor her counsel has any interest which might cause them not to vigorously pursue this claim.

39. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

40. Whether Defendants RECR3 form letter was an unlawful FDCPA communication can be easily determined.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is slight because the unlawful charges are relatively small and the maximum statutory damages are limited to

6

$1,000.00 under the FDCPA. Management of the Class' claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

## VI.  Claims

### Count One - FDCPA

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. Defendants are "debt collectors" as defined by section 1692a(6) of the FDCPA.

44. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

45. Defendants violated the FDCPA at 15 U.S.C. §§ 1692e and 1692g.

46. Defendants' acts as described above were done with intentional and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies not truly owed.

47. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, to Plaintiff and the Class for statutory damages, and for attorney's fees and costs.

## VII. Jury Trial Demand

48. Plaintiff demands trial by jury on all issues so triable.

## VIII. Prayer For Relief

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

7

1      (b)     That judgment be entered against Defendants and in favor of
2  Plaintiff and the Class for statutory damages under the FDCPA;

3      (c)     That judgment be entered against Defendants and in favor of
4  Plaintiff for actual and/or compensatory damages;

5      (d)     That the Court award costs and reasonable attorney's fees under the
6  FDCPA; and

7      (e)     That the Court grant such other and further relief as may be just and
8  proper.

9                             Respectfully submitted,

11                        BY:
12                             STEPHANIE TATAR
                              **Tatar Law Firm, APC**
13                           3500 West Olive Avenue
                           Suite 300
14                           Burbank, California 91505
15                           (323) 744-1146

16
17                           JAMES A. FRANCIS*
                           JOHN SOUMILAS*
18                           DAVID A. SEARLES*
19                          **FRANCIS & MAILMAN, P.C.**
                           Land Title Building, 19th Floor
20                           100 South Broad Street
                           Philadelphia, PA 19110
21                           (215) 735-8600

22
23  * *Pro Hac Vice* applications forthcoming

24  DATE: August 28, 2011                  Attorneys for Plaintiff and the Class
25
26
27

8

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Sylvia Greer

**DEFENDANTS**

TRS Recovery Services, Inc. and Telecheck Services Inc.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Stephanie R. Tatar, Tatar Law Firm, APC
3500 West Olive Ave., Ste 300, Burbank, CA 91505
323-744-1146

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No      ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-07414

---

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kern |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Colorodo |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Various counties including Los Angeles | Kern |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 8-28-12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)     **CIVIL COVER SHEET**     Page 2 of 2

Stephanie R. Tatar (237792)
Tatar Law Firm, APC
3500 West Olive Ave., Ste 300
Burbank, CA 91505

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SYLVIA GREER

CASE NUMBER

PLAINTIFF(S)

v.

TRS RECOVERY SERVICES, INC. and
TELECHECK SERVICES INC.

CV12-07414 PSG(VBKx)

**SUMMONS**

DEFENDANT(S).

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Stephanie R. Tatar_____, whose address is _Tatar Law Firm, APC, 3500 West Olive Ave., Ste 300, Burbank, CA 91505_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

AUG 29 2012

Dated: _____

Clerk, U.S. District Court

By: _____
       Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

### CV12- 7414 PSG (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.