Renee Choy Ohlendorf (SBN: 263939)
rohlendorf@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendants TRS RECOVERY SERVICES, INC. and TELECHECK SERVICES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA GREER,<br><br>Plaintiffs,<br><br>vs.<br><br>TRS RECOVERY SERVICES, INC. and TELECHECK SERVICES, INC.,<br><br>Defendants. | Case No. CV 12-07414-PSG (VBKx)<br>(Judge Philip S. Gutierrez, Courtroom 880)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

**TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

NOW COME the Defendants, TRS Recovery Services, Inc. ("TRS") and TeleCheck Services, Inc. ("TeleCheck") (collectively "Defendants") by and through their undersigned counsel and in answer to Plaintiff's Complaint state as follows:

1. Defendants admit Plaintiff purports to sue under the statute enumerated and purports to bring this action as a class action but deny she is entitled to relief under that statute or to proceed by way of a class action and otherwise deny the allegations of Paragraph 1 of the Complaint.

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4 of the Complaint and therefore deny the same.

5. Defendants deny that TRS's principal place of business is at 6200 South Quebec Street, Greenwood Village, CO 80111-4729 but otherwise admit the allegations of Paragraph 5 of the Complaint.

6. Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Defendants deny the allegations of Paragraph 7 of the Complaint.

8. Defendants admit that TRS works to collect debts owed to others, that TeleCheck cooperates with TRS in its efforts to collect debts owed to TeleCheck, and that some communications with consumers will bear both companies' logos, but otherwise deny the allegations of Paragraph 8 of the Complaint.

9. Defendants admit that some communications with consumers will bear both TeleCheck and TRS logos, but otherwise deny the allegations of Paragraph 9 of the Complaint.

10. Defendants admit the allegations of Paragraph 10 of the Complaint.

11. Defendants admit that when a customer presents a check for payment at a TeleCheck merchant location and the merchant has contracted for the relevant service, the customer's check is scanned and the customer's routing information and account number are transmitted to TeleCheck from the point of sale for purposes of analysis for check warranty and/or processing and otherwise deny the allegations of Paragraph 11 of the Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the reference to "this decision" to the extent it refers to the allegations of Paragraph 12 of the Complaint but admit that TeleCheck bases its decision whether to warranty a check on a number of factors.

14. Defendants are without knowledge as to the basis for any merchant's decision to accept or reject a particular check but admit that TeleCheck's decision whether to accept potential warranty liability on a check is made without knowledge as to whether a check-writer has funds in his, her or its account.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants admit that on occasion and despite reasonable efforts to prevent them, bona fide errors may occur in Defendants' analysis of check acceptance and processing. Defendants deny the remaining allegations of Paragraph 16 of the Complaint.

17. Defendants admit that on occasion and despite reasonable efforts to prevent them, bona fide errors may occur in Defendants' analysis of check acceptance and processing, and otherwise deny the remaining allegations of Paragraph 17 of the Complaint.

18. Defendants admit there are shared employees who address some customer disputes, but the number of such employees varies, as does the number of disputes, over time, and Defendants otherwise deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants admit that TRS attempted to collect funds in connection with a check of Plaintiff's and otherwise deny the allegations of Paragraph 20 of the Complaint.

21. Defendants admit that TRS sent Plaintiff a RECR3 as TRS's initial communication regarding her check and otherwise deny the allegations of Paragraph 21 of the Complaint.

22. Defendants admit that the RECR3 letter is TRS's first communication with certain debtors when a check has been returned by the check-writer's bank

<

1 with a bankable reason code and when the debtor's name and address are known and otherwise deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny that Paragraph 23 of the Complaint completely and accurately sets forth the contents of TRS' RECR3 letters and further state that the letters speak for themselves. Defendants deny the allegations of Paragraph 23 of the Complaint to the extent they are inconsistent with the contents of any RECR3 letter.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants admit that Rite Aid erroneously tried to negotiate duplicate copies of a check of Plaintiff's and otherwise deny the allegations of Paragraph 25 of the Complaint.

26. Defendants admit to collecting the underlying check amount from Plaintiff eight days after sending a RECR3 to Plaintiff, but Defendants state that the underlying check amount and the collection fee were fully refunded to Plaintiff when Rite Aid's error was discovered. Defendants otherwise deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, those conclusions are denied.

32. Paragraph 32 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, those conclusions are denied.

33. Paragraph 33 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, those conclusions are denied.

34. Defendants admit that Plaintiff purports to bring this action individually and as a class action, but deny that Plaintiff is entitled to do so. Defendants further deny that the putative class described in Paragraph 34 of the Complaint may be certified.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants admit that it can easily be determined that its RECR3 letters are lawful communications and otherwise deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Defendants incorporate Paragraphs 1-41 of this Answer as though the same were set forth at length herein.

43. Paragraph 43 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendants admit that TRS is a debt collector and otherwise deny the allegations of Paragraph 43 of the Complaint.

44. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 44 of the Complaint and therefore deny the same.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Complaint.

48. Defendants admit that Plaintiff demands trial by jury on issues so triable and deny Plaintiff is entitled to trial by jury on any issues not so triable.

## DEFENSES

NOW COME the Defendants, TRS Recovery Services, Inc. ("TRS") and TeleCheck Services, Inc. ("TeleCheck") (collectively "Defendants") by and through their undersigned counsel, and for their defenses to Plaintiff's Complaint, state as follows:

## FIRST DEFENSE

49. Plaintiff's Complaint, in whole or in part, fails to state a claim on which relief can be granted.

## SECOND DEFENSE

50. Plaintiff's claims and the claims of putative class members are barred in whole or in part because they arise from a bona fide error that was unintentional and occurred notwithstanding maintenance of procedures reasonably adopted to avoid such error.

## THIRD DEFENSE

51. Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by waiver.

## FOURTH DEFENSE

52. Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by estoppel.

## FIFTH DEFENSE

53. Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by assumption of the risk.

///

### SIXTH DEFENSE

54. Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by payment.

### SEVENTH DEFENSE

55. Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by failure to mitigate damages.

### EIGHTH DEFENSE

56. Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by license.

### NINTH DEFENSE

57. Plaintiff's claims and the claims of some or all putative class members are barred in whole or in part because they arise out of the errors or misconduct of persons not subject to Defendants' control.

### TENTH DEFENSE

58. Plaintiff's claims and/or the claims of some or all putative class members are barred in whole or in part by accord and satisfaction.

### ELEVENTH DEFENSE

59. Plaintiff's damages and any damages for a putative class are limited by statute.

### TWELFTH DEFENSE

60. Plaintiff's claim and the claims of some or all putative class members is barred for failure to join all necessary parties.

### THIRTEENTH DEFENSE

61. Plaintiff's claims and/or the claims of some or all putative class members are barred in whole or in part by release.

///

///

## FOURTEENTH DEFENSE

62. The putative class alleged in the Complaint does not satisfy the requirements for class certification set forth in Fed. R. Civ. P. 23 and therefore may not be certified.

## FIFTEENTH DEFENSE

63. The claims of the Plaintiff and of some or all of the putative class members are barred, in whole or in part, by the statute of limitations.

## SIXTEENTH DEFENSE

64. The claims of the Plaintiff and of some or all of the putative class members are barred, in whole or in part, by the doctrine of laches.

## SEVENTEENTH DEFENSE

65. Plaintiff's claims and the claims of some or all putative class members are barred in whole or in part by setoff.

## EIGHTEENTH DEFENSE

66. The claims of the Plaintiff and of some or all of the putative class members are barred because they lack standing.

## NINETEENTH DEFENSE

67. Plaintiff's claims and the claims of some or all putative class members are barred, in whole or in part, because Defendants and/or their assignors have complied with all relevant laws and regulations including, without limitation, the Electronic Funds Transfer Act, 15 U.S.C.§ 1693 et seq., and Regulation E, 12 C.F.R. § 201 et seq.

## TWENTIETH DEFENSE

68. Maintenance of this action as a class action would violate Defendants' rights to due process.

///

///

## TWENTY-FIRST DEFENSE

69. Maintenance of this action as a class action would violate the Rules Enabling Act, 28 U.S.C. § 2072(b).

## TWENTY-SECOND DEFENSE

70. Plaintiff's claims and the claims of some or all putative class members are barred by the doctrine of claim splitting.

Respectfully submitted,

DATED: November 13, 2012          HINSHAW & CULBERTSON LLP


By: /s/ Renee Choy Ohlendorf
    Renee Choy Ohlendorf
    Attorneys for Defendants TRS RECOVERY SERVICES, INC. and TELECHECK SERVICES, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA- COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On November 13, 2012, I served the foregoing documents described as: **DEFENDANTS' ANSWER TO COMPLAINT,** on the following attorney(s) of record and/or interested parties in this action, by placing a true and correct copy(ies) thereof enclosed in sealed envelope(s), addressed as follows, by the following means:

| | |
|---|---|
| Stephanie R. Tartar, Esq.<br>TARTAR LAW FIRM, APC<br>3500 West Olive Avenue, Suite 300<br>Burbank, CA  91505<br>323-744-1146<br>888-778-5695 Fax<br>Stephanie@thetartarlawfirm.com | |

**(BY MAIL):** I deposited/caused to be deposited such envelope in the mail at Los Angeles, California, with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with  the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(BY E-MAIL):**     I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time show on each transmission, to each interested party at the email address shown above.  Each transmission was reported as complete and without error.

**(BY CM/ECF SERVICE): X**     I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

Executed on November 13, 2012, at Los Angeles, California.

**(FEDERAL):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct

MELANIE DAVIS

10
DEFENDANTS' ANSWER TO COMPLAINT

31437535 A8566